UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                          No. 17-CR-3400 MV

LUIS ANDRADE-TAPIA

    Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Luis Andrade-Tapia's Motion for Modification or Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) [Doc. 81], Motion for Compassionate Release and Reduction in Sentence Pursuant to the First Step Act and Changes to Title 18 U.S.C. § 3582(c)(1)(a)(i) [Doc. 85], and Motion for Reduction of Sentence Under 18 U.S.C. § 3582(c)(2) and § 3553(a) [Doc. 92]. The government filed a Response to all three motions. Doc. 83; Doc. 86; Doc. 96. Having considered the briefs and relevant law, and being otherwise fully informed, the Court finds all three motions moot since Mr. Andrade-Tapia was released from Bureau of Prisons (BOP) custody on May 16, 2025.

## DISCUSSION

The Supreme Court has directed that "a case becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Chafin v. Chafin*, 568 U.S. 165, 172 (2012). A case is not moot "as long as the parties have a concrete interest,

however small, in the outcome of the litigation." *Id.*[1] When deciding motions for sentence reduction in other cases, this Court has declined to find mootness when the sentence at issue has been completed, but only when the defendant was still in BOP custody due to other consecutively run sentences. *United States v. Mazzini*, 487 F.Supp.3d 1170 (D.N.M. 2020). In *Mazzini*, the defendant maintained a concrete interest in the outcome of the litigation because retroactively reducing the already-completed sentence would "accelerate the date on which he [would] finish serving his consecutive sentence." *Id*. at 1177-78; *see also United States v. Nance*, No. 8:08CR449, 2019 WL 2436210, at *2 (D. Neb. June 10, 2019).[2]

Here, Mr. Andrade-Tapia is not serving a consecutive federal sentence and was released from BOP custody on May 16, 2025, following completion of the custodial sentence at issue. While he will continue to serve a five-year term of supervised release – a restraint on his liberty whose removal would otherwise be a "concrete interest" – the relief sought under the First Step Act (FSA) is limited to "modification of an imposed term of imprisonment." 18 U.S.C. § 3582(c)(1)(a)(i) (authorizing reduction for "extraordinary and compelling reasons"); *id.* § 3582(c)(2) (authorizing reduction when the sentencing range for the offense at issue is subsequently lowered). In *Dillon v. U.S.*, the Supreme Court clarified that the FSA amendments to § 3582(c)(2) do not authorize full resentencing, instead framing the changes as allowing "only a limited adjustment to an otherwise final sentence." 560 U.S. 817, 826 (2010). For these reasons, modifying the terms of Mr. Andrade-Tapia's supervised release is both beyond the

---

[1] This Court considered the pleadings as generously as possible given the lower standard to which pro se plaintiffs are held. *See Haines v. Kerner*, 404 U.S. 519, 520-21 ("We cannot say with assurance that under the allegations of the pro se complaint, which we hold to less stringent standards than formal pleadings drafted by lawyers, it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.") (internal quotation marks omitted). The Court both charitably interpreted the pleadings and looked beyond the pleadings to see if there were any other concrete interests that could have been asserted (and may have been if Mr. Andrade-Tapia had been represented by an attorney).

[2] Other courts have found motions based on similar facts moot. *See, e.g.*, *United States v. Martin*, 03-cr-795 (BMC), 2019 WL 2289850, at *6 (E.D.N.Y. May 29, 2019).

scope of the relief he requested, and the scope of what Congress has authorized for FSA sentence reductions. No concrete interest remains and thus this Court must dismiss as moot the three instant motions.

**IT IS THEREFORE ORDERED THAT** Mr. Andrade-Tapia's Motion for Modification or Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2), Motion for Compassionate Release and Reduction in Sentence Pursuant to the First Step Act and Changes to Title 18 U.S.C. § 3582(c)(1)(a)(i), and Motion for Reduction of Sentence Under 18 U.S.C. § 3582(c)(2) and § 3553(a) are DISMISSED AS MOOT.

ENTERED this 6th day of August, 2025.

_____
MARTHA VAZQUEZ
SENIOR UNITED STATES DISTRICT JUDGE